Van Brunt, P. J.
On February 3, 1885, the plaintiffs opened an account with the firm of Mickles & Co., which firm was then composed of Abbie A. Mickles and a man by the name of Pike.
On the 23d day of March, 1885, a co-partnership was formed between the said Abbie A. Mickles and the defendant McIntire under the said firm name, Pike retiring from the said firm of Mickles & Co., the same business being-carried on by the new firm as had been conducted by the old.
At the time of the formation of the partnership between Abbie A. Mickles and the defendant, the firm of Mickles & Co. were indebted to the plaintiffs in a sum exceeding $125.
Between March twenty-eighth and April fifteenth, the plaintiffs sold goods, wares and merchandise to the firm of Mickles & Co., to the amount of 8179.27, upon thirty days credit.
Upon the third day of April, John R Mickles, who had been and was managing the business of Mickles Sc Co., paid to the plaintiffs by a check of the firm, $100, and on April fifteen, made another payment of twenty-five dollars, the said Mickles only stating at the time of these payments that he wanted to make a payment on account.
At the time these payments were made there was nothing due upon the account for goods sold to the new firm of Mickles & Co ; but there was a balance of more than $125 due upon the old account, and the plaintiffs claim to have credited the same upon the old account.
In July, 1885, the firm of Mickles & Co. was dissolved by mutual agreement, and the defendant bought out the business and agreed to pay all the debts of the firm of Mickles & Co., which was founded on the twenty third of March, 1885.
The plaintiffs having commenced this action to recover from the defendant the amount unpaid upon the goods sold the firm of Mickles & Co., subsequent to March 23, 1885, the defendant claims that the $125 paid as aforesaid should be credited, which claim was disallowed by the court.
If there had been no change in the firm of Mickles & Co. *818 during the time the goods were purchased, there is no question but that the proper order of application of the payments would have been to apply such payments upon that part of the account which was due in preference to an application upon that part of the account which was not due, and under the proofs in this case it would appear that the plaintiffs were justified in assuming that the new firm were the successors of the old, and that it was a mere continuation of the business of the old firm.
The defendant, under such circumstances, in order to claim that the credits should be applied to the new account, was bound to show that the money which had been received by the plaintiffs was the property of the new firm, and that it was therefore inequitable that it should be applied to the payment of the debts of the old firm.
There is no proof however in the case but that the money which was paid may have belonged to the old firm, -or that the check was not in reality that of the old firm.
There seems, therefore, to have been a failure to prove a very material fact which it was necessary to establish before the defendant could maintain his claim to the credit demanded.
The judgment appealed from should be affirmed, with costs.
Daniels, J. concurs.